FILED

2021 Jul-28 PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| QUINCETTA Y. CARGILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-00529-MHH-JHE |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On May 14, 2021, the magistrate judge entered a report in which he recommended that this *Bivens* action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. (Doc. 11). The magistrate judge advised plaintiff Quincetta Y. Cargill of her right to file specific written objections within 14 days. (Doc. 11, pp. 10-11). After the magistrate judge resent a copy of the report and recommendation to Ms. Cargill at her updated address, Ms. Cargill moved to replead claims, (Doc. 13), and to consolidate claims, (Doc. 14), and she asked the Court to take judicial notice of certain discovery materials, (Doc. 15).[1] Ms. Cargill also filed timely objections to the magistrate judge's report. (Doc. 16).

---

[1] This Court may take judicial notice of its own records. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (citing *United States v. Glover,* 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and records of inferior courts.")). In *Cargill*

**Standard of Review**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation.").  A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)).  *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

**Motion to Replead**

In her motion to replead, Ms. Cargill has not identified allegations of fact that would save her claims from the analysis in the magistrate judge's report.  She makes conclusory allegations regarding the defendants, but she does not provide details that

---

*v. Town, et al.,* Case No. 2:19-cv-01968-AKK-JHE, Ms. Cargill filed nearly identical motions. (Docs. 18, 19, 20).

shed more light on her claims.  As the magistrate judge explained in his report and as addressed below, Ms. Cargill has not named a defendant subject to suit and has failed to state a claim upon which relief may be granted.  Because a district court is not obligated to allow amendments to pleadings when an amendment would be futile, the Court denies Ms. Cargill's motion to replead her claims.  (Doc. 13).

**Motion to Consolidate Claims**

Next, Ms. Cargill asks the Court to consolidate *Cargill v. Christopher Daniel, et al.,* Case No. 2:20-cv-01681-AMM-JHE, with this action.  (Doc. 14).  According to Ms. Cargill, consolidation would allow the Court to objectively view her conspiracy claims.  In the *Daniel* action, Ms. Cargill brings malicious prosecution claims against a private attorney, a law office, and two Assistant United States Attorneys.  *Cargill v. Daniel*, 2:20-cv-01681 (Doc. 1, pp. 1-2).  She asserts that an allegedly invalid state court conviction enhanced the sentence she received in *United States v. Cargill,* Case No. 2:17-cr-00356-RDP-JHE.  *Cargill v. Daniel,* 2:20-cv-01681 (Doc. 1, p. 5).  In this action, Ms. Cargill alleges IRS Agent Jason Ward falsified reports and suborned perjury to obtain her criminal conviction in Case No. 2:17-cr-00356-RDP-JHE.  (Doc. 1, p. 4).

Although the two civil actions include some overlapping defendants, and Ms. Cargill's general theories and challenges to her conviction and sentence in her federal criminal case are very similar in *Daniel* and in this case, consolidating the

3

actions would not change the analysis of Ms. Cargill's claims against the defendants in this action.  Therefore, the Court declines to consolidate this case with the *Daniel* case.

**Motion to Take Judicial Notice**

Ms. Cargill asks the Court to take judicial notice of discovery materials in her criminal action, *United States v. Cargill*, Case No. 2:17-cr-00356-RDP-JHE.  (Doc. 15).  Ms. Cargill may not use a civil action to challenge her criminal conviction. *Preiser v. Rodrigeuz*, 411 U.S. 475, 497-99 (1973); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (applying *Preiser* to cases brought under *Bivens* and holding "claims which challenge the validity of the claimant's conviction … are simply not cognizable").  To the extent Ms. Cargill wants to contest the validity of her federal criminal conviction, the proper avenue is a direct appeal of that conviction or a collateral proceeding.  The Court notes that Ms. Cargill's appeal of her criminal conviction is pending in *United States v. Cargill*, Case No. 2:17-cr-00356-RDP-JHE. Therefore, the Court denies Ms. Cargill's motion to take judicial notice.  (Doc. 15).

**Ms. Cargill's Objections to the Report and Recommendation**

Mrs. Cargill challenges some of the wording of the magistrate judge's report. She contends that the statement that she "claims" that Agent Ward "falsified reports and suborned perjury" is improper because the Court must accept her allegations as fact when screening a prisoner's complaint.  (Doc. 16).

Under the Eleventh Circuit's rules for reviewing *pro se* prisoner complaints and 28 U.S.C. § 1915A, a district court must review a prisoner's complaint, identify cognizable claims, and dismiss the parts of the complaint that fail to state a claim upon which relief can be granted. *Dollar v. Coweta Cty. Sheriff Off.*, 446 Fed. Appx. 248, 250 (11th Cir. 2011) (citing 28 U.S.C. § 1915A). To complete the review, a district court must consider the facts alleged in the complaint in the light most favorable to the plaintiff and accept those facts as true. *McKissick v. Comm'r, GA Dep't of Corrs.*, 587 Fed. Appx. 567, 573 (11th Cir. 2014) (citing *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008)). A district court does not have to accept as true conclusory statements or characterizations of events.

Even though the magistrate judge used the word "claim" in his discussion of Ms. Cargill's allegations, it is apparent from his report that the magistrate judge accepted Ms. Cargill's factual allegations as true. Ms. Cargill's claims do not fail because of her factual allegations but because she has named defendants who she cannot sue in a civil action, at least at this stage of her criminal proceedings. In other words, even if her factual allegations are true, and she can prove them in a civil trial, Ms. Cargill cannot assert claims against the AUSAs at all, and she cannot assert a claim against Agent Ward unless the Eleventh Circuit gives her relief from her conviction on appeal. As the magistrate judge explained, *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Ms. Cargill from challenging conduct relating to her

conviction through a civil action unless and until her criminal conviction is overturned. That has not happened because Ms. Cargill's appeal of her criminal conviction remains pending. If Ms. Cargill successfully uses the allegedly false reports from Agent Ward to overturn her criminal conviction in her appeal before the Eleventh Circuit Court of Appeals, then she may proceed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), in a civil action against Agent Ward.[2]

Ms. Cargill will have no such opportunity concerning her claims against Assistant U.S. Attorneys John G. Camp and M. Blake Milner. (Doc. 16, p. 3.) For the reasons the magistrate judge explained, under the law, Ms. Cargill cannot pursue her claims against these two AUSAs even if she can establish that they acted under a conflict of interest in obtaining her criminal conviction. Her claim is barred by *Imbler v. Pachtman*, 424 U.S. 409 (1976), and its progeny. Accepting as true Ms. Cargill's allegation that prosecutors violated her constitutional and civil rights "while performing acts in representation or on behalf of the United States," (Doc. 16, p. 3), Ms. Cargill's claims against the AUSAs fail as a matter of law because a

---

[2] Ms. Cargill points out that her claims against Agent Ward are against him individually and not in his official capacity. (Doc. 16, p. 7). But Ms. Cargill's goal has not changed; she seeks to overturn, set aside, or have declared unconstitutional her criminal conviction by attacking the prosecutors, attorneys, and evidence presented in the criminal proceeding. For that relief, Ms. Cargill must continue to pursue her appeal of her criminal conviction. *Heck*, 512 U.S. at 486 ("[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding judgments [for] actions that necessarily require [Ms. Cargill] to prove the unlawfulness of [her] conviction . . . .").

criminal defendant cannot sue a federal prosecutor in a civil lawsuit for prosecutorial conduct.  *See e.g. Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978) (noting this immunity applies even where "the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts casting doubt on the state's testimony."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279-80 (11th Cir. 2002) (holding that even when a prosecutor "knowingly proffered perjured testimony and fabricated exhibits at trial, he is entitled to absolute immunity from liability for doing so.").[3]

Finally, Ms. Cargill argues that precedent that states that the Thirteenth Amendment is not implicated by incarceration does not apply to her because she is not guilty of the federal crimes for which she was convicted.  (Doc. 16, pp. 7-10). She asserts that her incarceration is more akin to "KIDNAP (taken by force), DEBAUCH (inveiglement), and TORTURE (persecute)."  (Doc. 16, pp. 8-9).  But under binding law, Ms. Cargill may not use the fact of her conviction to pursue a

---

[3] Ms. Cargill states that while he was an Assistant District Attorney prosecuting her in state court, AUSA Camp withheld the results of a psychological examination and support for an insanity defense.  Ms. Cargill challenged her state court conviction in a federal petition for habeas corpus. *Cargill v. State of Alabama*, Case No. 2:19-cv-01339-RDP-JHE.  Accepting as true Ms. Cargill's allegation that Mr. Camp was biased against her because of a previous state prosecution, she still cannot assert a *Bivens* claim against Mr. Camp based on his conduct during her criminal prosecution.  The same goes for her claims against Mr. Milner.

claim under the Thirteenth Amendment.  *Omasta v. Wainwright*, 696 F.2d 1304, 1305 (11th Cir. 1983).

Having reviewed the materials in the Court's electronic file, including the report and recommendation and Ms. Cargill's objections, the Court overrules Ms. Cargill's objections, adopts the magistrate judge's report, and accepts his recommendation.  By separate order, pursuant to 28 U.S.C. § 1915A, the Court will dismiss this action without prejudice for failing to state a claim upon which relief may be granted.

**DONE** and **ORDERED** this July 28, 2021.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE